UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD C. KENNA,

                      Plaintiff,

        -against-

THE CITY OF NEW YORK, THE METROPOLITAN
TRANSPORTATION AUTHORITY, THE LONG
ISLAND RAIL ROAD and POLICE OFFICER
CHARLES GALLIPOLI, SHIELD #2645, individually
and in his Official Capacity, and P.O.'s "JOHN DOE" #1-
10, Individually and in their Official Capacity (the name
John Doe being fictitious, as the true names are presently
unknown),

                    Defendants.
------------------------------------------------------------------X

Docket No. 11-Civ-9683
(NRB)

**ANSWER**

      Defendants METROPOLITAN TRANSPORTATION AUTHORITY, LONG ISLAND

RAIL ROAD, POLICE OFFICER CHARLES GALLIPOLI, SHIELD #2645, individually and in

his official capacity, and P.O.'s "JOHN DOE" #1-10, individually and in their official capacities

(the name John Doe being fictitious, as the true names are presently unknown) (collectively, the

"Defendants"), by their attorneys, answer the Complaint as follows upon information and belief:

<strong>PRELIMINARY STATEMENT</strong>

    1.   Deny knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraph of the Complaint numbered "1."

<strong>JURISDICTION</strong>

    2.   Deny knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraph of the Complaint numbered "2."

## VENUE

3.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "3."

## PARTIES

4.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs of the Complaint numbered "6," "12," and "13."

5.   Deny each and every allegation contained in paragraphs of the Complaint numbered "7," "8," and "9."

6.   Deny each and every allegation contained in paragraph of the Complaint numbered "10," except admit that at all times hereinafter mentioned, the individually named Defendant P.O. CHARLES GALLIPOLII was a duly sworn police officer of said department.

7.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "11," and respectfully refer all questions of law to the within Court for ultimate determination.

## FACTS

8.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs of the Complaint numbered "14," "15," "31," "32," and "33."

9.   Deny each and every allegation contained in paragraphs of the Complaint numbered "16," "17," "18," "19," "20," "21," "22," "23," "24," "25," "26," "27," "28," "29," "30," and "35."

10. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "34" except deny Defendants' unlawful conduct.

**FIRST CLAIM**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

11.  Repeats and re-alleges each and every admission and denial contained in paragraph of the Complaint numbered "36" as it relates to paragraphs "1" through "35" with the same force and effect as if fully set forth at length herein.

12.  Deny each and every allegation contained in paragraphs of the Complaint numbered "37" and "38," and respectfully refer all questions of law to the Honorable Court at the time of Trial.

13.  Deny each and every allegation contained in paragraphs of the Complaint numbered "39," "40," and "41."

**SECOND CLAIM**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

14.  Repeats and re-alleges each and every admission and denial contained in paragraph of the Complaint numbered "42" as it relates to paragraphs "1" through "40" of the Complaint.

15.  Deny each and every allegation contained in paragraphs of the Complaint numbered "43" and "44."

**THIRD CLAIM**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

16.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "45" as it relates to paragraphs "1" through 44" of the Complaint.

17.  Deny each and every allegation contained in paragraphs of the Complaint numbered "46" and 47."

## FOURTH CLAIM
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIALUNDER 42 U.S.C. § 1983

18.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "48" as it relates to paragraphs "1" through 47" of the Complaint.

19.  Deny each and every allegation contained in paragraphs of the Complaint numbered "49," "50," "51," "52," "53," and "54."

## FOURTH CLAIM
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

20.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "55" as it relates to paragraphs "1" through "54" of the Complaint.

21.  Deny each and every allegation contained in paragraphs of the Complaint numbered "56," "57," "58," "59," "60," "61," "62," "63," and "64."

## PENDENT STATE CLAIMS

22.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "65" as it relates to paragraphs "1" through "64" of the Complaint.

23.  Deny upon information and belief, each and every allegation contained in paragraphs of the Complaint numbered "66," "67," "68," "69," and "70" and respectfully refers all questions of law to the within Court for ultimate determination.

## FIRST STATE LAW CLAIM
## ASSAULT

24.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "71" as it relates to paragraphs "1" through "70" of the Complaint.

25.  Deny each and every allegation contained in paragraphs of the Complaint numbered "72" and "73."

## SECOND STATE LAW CLAIM
### BATTERY

26.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "74" as it relates to paragraphs "1" through "73" of the Complaint.

27.  Deny each and every allegation contained in paragraphs of the Complaint numbered "75," "76," and "77."

## THIRD STATE LAW CLAIM
### FALSE ARREST

28.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "78" as it relates to paragraphs "1" through "77" of the Complaint.

29.  Deny each and every allegation contained in paragraphs of the Complaint numbered "79" and "80."

## FOURTH STATE LAW CLAIM
### FALSE IMPRISONMENT

30.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "81" as it relates to paragraphs "1" through "80" of the Complaint.

31.  Deny each and every allegation contained in paragraphs of the Complaint numbered "82," "84," and "85."

32.  Deny upon information and belief each and every allegation contained in paragraph of the Complaint numbered "83."

## FIFTH STATE LAW CLAIM
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "86" as it relates to paragraphs "1" through "85" of the Complaint.

34. Deny each and every allegation contained in paragraphs of the Complaint numbered "87," "88," "89," "90," and "91."

## SEVENTH STATE LAW CLAIM
## <u>NEGLIGENCE</u>

35. Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "92" as it relates to paragraphs "1" through "91" of the Complaint.

36. Deny each and every allegation contained in paragraphs of the Complaint numbered "93," "94," "95," and "97."

37. Deny upon information and belief, each and every allegation contained in paragraph of the Complaint numbered "96" and respectfully refers all questions of law to the within Court for ultimate determination.

## SIXTH STATE LAW CLAIM
## <u>NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION</u>

38. Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "98" as it relates to paragraphs "1" through "97" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph of the Complaint numbered "99."

40. Deny each and every allegation contained in paragraphs of the Complaint numbered "100," "101," and "102."

## <u>FIRST AFFIRMATIVE DEFENSE</u>

41. Plaintiff failed to timely serve a Notice of Claim upon Defendants, as required by Public Authorities Law §1276. Therefore, this action and all state law causes of action may not be maintained against Defendants.

## SECOND AFFIRMATIVE DEFENSE

42.  Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

## THIRD AFFIRMATIVE DEFENSE

43.  Defendant MTA is not subject to an award of exemplary or punitive damages.

## FOURTH AFFIRMATIVE DEFENSE

44.  Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

## FIFTH AFFIRMATIVE DEFENSE

45.  That Defendants enjoy qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

## SIXTH AFFIRMATIVE DEFENSE

46.  Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, § 140.05 et. seq., MTA police officers acted reasonably, properly and under the law in the alleged stop, detention and arrest of the Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

47.  That the actions of the MTA police officers were justified; and that the use of any force, which is denied by the Defendant, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

**EIGHTH AFFIRMATIVE DEFENSE**

48.  That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

**NINTH AFFIRMATIVE DEFENSE**

49.  That notwithstanding any favorable termination for the criminal proceeding, if any, the Plaintiff was in fact guilty of the offense with which he was charged.

**TENTH AFFIRMATIVE DEFENSE**

50.  That the MTA is not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom, practice, police or procedure of the MTA, and as such the MTA is entitled to dismissal of the Plaintiff's Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

**ELEVENTH AFFIRMATIVE DEFENSE**

51.  That these answering defendants acting under the scope, authority and protection of the New York General Business Law § 218, and that by reason thereof, the Plaintiff may not maintain this action.

**TWELFTH AFFIRMATIVE DEFENSE**

52.  Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in New York Civil Practice Law and Rules § 4545(c).

**THIRTEENTH AFFIRMATIVE DEFENSE**

53.  Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

54.  Plaintiff's Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

**FIFTEENTH AFFIRMATIVE DEFENSE**

55.  Plaintiff's claims must be dismissed because they are barred by the applicable statute of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

56.  Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

57. Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

## EIGHTEENTH AFFIRMATIVE DEFENSE

58.  At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

59.  If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

## TWENTIETH AFFIRMATIVE DEFENSE

60.  Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

61. Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

62. Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be

diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

63. Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

64. That answering Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

65. Upon information and belief, this Court lacks subject matter jurisdiction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

66. Upon information and belief, this Court lacks personal jurisdiction over the Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

67. The MTA Police Department is not an entity amenable to suit.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

68. That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

69.  That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

## THIRTIETH AFFIRMATIVE DEFENSE

70.  That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

## THIRT-FIRST AFFIRMATIVE DEFENSE

71.  That in performing such duties and responsibilities, the answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**WHEREFORE,** the Defendants demand judgment dismissing the Complaint together with costs, disbursements and such other relief as the Court deems just and proper.

Dated: Mineola, New York
February 8, 2012

Respectfully submitted,

**BEE READY FISHBEIN
HATTER & DONOVAN, LLP**

_____/s/_____
Michael Siravo (MPS 6425)
Court Cousins (CC 6337)
*Attorneys for Defendants*
170 Old Country Road – Suite 200
Mineola, NY 11501
P: 516.746.5599
F: 516.746.1045
msiravo@beereadylaw.com
File no. 6178-1108

12

TO:   **ROBERT W. GEORGES, ESQ.**
      *Attorneys for Plaintiff*
      299 Broadway, 17th floor
      New York, NY 10007
      P: 212.710.5166
      C: 917.747.6976
      rgeorges@georgesesq.com